UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

CRIMINAL 10-10127-MLW

UNITED STATES OF AMERICA

V

DAVID WOOD

**DEFENDANT'S SENTENCING MEMORANDUM**
**F. R. CR. P. 32(a) AND 18 U.S.C. SEC. 3553(a)**

This memorandum is submitted to present the defendant's proposal as to an appropriate sentence and the reasons therefore. It is the defendant's assertion that the sentence suggested by the guidelines and the pre-sentence report is substantially greater than is "necessary to comply with the purposes set forth" in 18 U.S.C. 3553 (a).

**SECTION 3553(a) FACTORS MITIGATING IN FAVOR OF A LESSER SENTENCE IN THIS CASE**

**A. The nature and circumstances of the offense and the history and characteristics of the offender.**

The defendant is charged with one count of being a felon in possession of a firearm to which he pled guilty. The defendant was arrested after being stopped for violating the ordinance that forbids being in public with an open container of alcohol. The firearm was recovered from his person. There is no allegation that the firearm was used for any criminal activity or that the defendant used the firearm on the night of his arrest.

The presentence report sets forth and accurate outline of Mr. Wood's family and educational background. There are several references to affiliation with the "Morse Street" gang. These references are unsupported by any evidence. Further, the existence of a "Morse Street" gang or affiliation with such a gang has no relation to the offense which is the subject of this indictment. Mr. Wood was stopped as he exited a club. He was not engaged in any activity which

was marginally related to any "gang" activity. The stop was initiated because of a violation of an ordinance which has no relation to "anti-gang" investigations.

**B. The seriousness of the offense and just punishment.**

The seriousness of the offense is not disputed. Punishment is addressed in later sections of his memorandum.

**C. Deterrence to criminal conduct.**

Any term of incarceration is of course a deterrent to future criminal conduct. It is suggested that the focus of punishment should be to insure that Mr. Wood has the best opportunity to become a productive citizen upon his reentry into the community.

**D. Protection of the public**

The pubic is best protected by a disposition which supports Mr. Wood in his efforts to avoid future violations of the law.

**E. Provision of education, training or correctional treatment.**

As noted in the presentence report Mr. Wood has not yet completed his high school education or its equivalent. He has never been employed. It is obvious that Mr. Wood needs to be encouraged to continue his education and be given the opportunity to receive job training.

**F. Appropriate sentencing alternatives**

**The guideline calculation -Criminal history.**

The defendant objects to the guideline calculation relating to criminal history. The presentence report assigns 2 points for the juvenile offenses listed as (33), (34), (35) and (36). This is because of probation violations for which he "was given more that sixty days custody". The recitation criminal history does not reflect that sixty days was in fact given for any parole violation. Further, the additional points apply only to those offenses for which the release from "confinement" was within five years of the date of the instant offense. Guideline section 4A1.2 (d) (2) (a) and 4A1.2 (k). It is clear that Mr. Wood was subject to a commitment to the department of youth services until April 25, 2007. It is also clear that he was released to home on

March 19, 2003 on offenses listed in paragraphs (33) to (35) and September 20, 2004 on the offense listed in paragraph (36). It has not been shown at what times he was actually "confined" due to parole violations after his release date or the number of days of confinement. It is submitted that without this information this court cannot conclude that any of these commitments actually fall within the parameters of the guidelines. Based on the record provided, this court should not count any of the points related to the juvenile adjudications. If the points related to the juvenile convictions are not counted, the total is nine.

**Offense level**

The presentence report calculates the initial offense level based on the assumption that Mr. Wood has sustained two felony convictions for crimes of violence. These convictions are apparently attempted armed robbery and assault and battery with a dangerous weapon (paragraphs 38 and 40). It is submitted that the conviction for assault and battery with a dangerous weapon should not be counted as a crime of violence. United States v. Glover has addressed this issue and that decision is contrary to the defendant's position. United States v. Glover, 558 F.3d 71 (1st Cir. 2009). However, the Glover case was decided prior to reexamination of the assault and battery statute in United States v. Holloway. United States v. Holloway, No. 08-2273 (1st Cir 2011). In Holloway the Court reexamined the assault and battery statute in light of the Supreme Court's decision in the Johnson case. Johnson v. United States, 130 S. Ct. 1265 (2010). Holloway held that the mere assertion that a defendant had been convicted of assault and battery did not subject him to enhanced penalties under the Armed Career Criminal Act for having committed a violent felony. There is no meaningful distinction between the definition of violent crime under the guidelines and the Career Criminal Act. The facts alleged in the presentence report indicate that the dangerous weapon was alleged to be a gun. However, no gun was displayed or recovered. It appears that the element of a "dangerous weapon" is established by inference rather than a show of "purposeful, violent and aggressive conduct". Begay v. United States, 128 S. Ct. 1581, @ 1586 (2008). The correct guidelines calculation should begin with the base offense level of 20. Guideline section 2K2.1 (a) (4)

**THE SENTENCING FRAMEWORK ALLOWS AMPLE ROOM TO DEVIATE FROM THE ADVISORY GUIDELINES**

There is no legal presumption that the Guidelines should govern in any particular situation. United States v. Booker, 543 U.S. 220 (2005); United States v. Martin, 520 F.3d 87 (1st Cir. 2008) ( allowing for substantial variance from the career offender guidelines). They offer merely a "rough approximation" of sentences which might meet the objectives of sec. 3553(a). Rita v. U.S.,127 S.Ct. 2456 (2007). Gall teaches that the sentencing court may vary dramatically from the guidelines based on the particular defendant and fact pattern. Gall v. United States, 128 S. Ct. 586 (2007). While the guidelines serve the purpose of providing some consistency in sentences, they do not fulfill a judge's obligations of addressing the individual issues of any particular defendant. A myopic focus on the guideline range of sentencing not only undercuts the concept of "advisory" guidelines but it skirts the primary responsibility of the sentencing judge. Gall reminds us that the sentencing judge is in a superior position to find fact relevant to the particular case. Each judge in evaluating an individual to be sentenced must:

> "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue"
>
> Koon v. United States, 518 U.S. 81 @ 113 (1996)

After due consideration of this "unique study", this court should impose a sentence of incarceration for not more that four years. The sentencing range proposed in the pre-sentence report fails to properly reflect all of the section 3553(a) considerations and falls outside the "heartland" of the guidelines. USSG sec.5K2.0, United States v. Booker, 125 S.Ct 738 (2005); Gall, supra; Kimbrough, supra.

Mr. Wood is now twenty two years old. He has three adult incarcerations in the House of Corrections. All of the sentences carried one-half time eligibility for parole. He maintains that he has no gang affiliation or substance abuse problem. His home life has been relatively stable but

without influence from his father and apparently little encouragement to seek education. The government and Mr. Wood would be best served by a period of incarceration followed by supervised release with conditions mandating education and job training.

**CONCLUSION**

For the above reasons the defendant requests that the sentence of incarceration imposed be not more than four years.

Respectfully submitted:

/s/ John P. Moss, Jr.

John P. Moss, Jr.
BBO # 357940
675 Massachusetts Ave.
P.O. Box 88
Cambridge, Massachusetts
491-1129

CERTIFICATE OF SERVICE

I, John P. Moss Jr., hereby certify that this document was sent electronically to the registered participants as identified on the Notice of Electronic filing by the CM/ECF of this District today June 20, 2011. No party requires service by mail.

/s/ John P. Moss, Jr.
John P. Moss, Jr.